# John Davis

v.

# Charles Hinton.

*Injunctions—Trespass—Remedy at Law.*

An injunction will not lie to prevent a trespass on lands by entry thereon under a claim of title, for the purpose of plowing the same, the proper remedy being an action for forcible entry and detainer.

[Opinion filed November 3, 1888.]

Appeal from the Circuit Court of Sangamon County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. Gross & Broadwell, for appellant.

It seems to be the well established rule of law in this State, that where the trespasser is insolvent, and the acts of trespass are repeated and likely to be continuous, so that strife, breaches of the peace and violence might result, injunction is a proper remedy.   Owens v. Gassett, 105 Ill. 354; McIntyre v. Storey, 80 Ill. 127; Peoria v. Johnston, 56 Ill. 45.

An act which, in itself, might not result in serious damage, may, from its continuance, constitute a trespass, resulting in irreparable injury.   High on Injunctions, Sec. 717.

Appellant has been in the quiet and uninterrupted possession of his homestead for a long period of years.

A court of equity will protect such possession against unauthorized disturbance and interruptions. High on Injunctions, Sec. 363.

The bill shows that appellant is in the lawful possession of the premises as a homestead, and that appellee falsely claims the right to interfere with such possession.

Persons of weak minds and incompetent to take care of their property are entitled to the protection and care of a court of equity as much as technical lunatics and idiots. Shore v. Dixon, 6 Bush (Ky.), 644; Story's Eq. Jur., Vol. I, Sec. 234.

Messrs. PATTON, HAMILTON & SHUTT, for appellee.

A court of equity will not enjoin a trespass unless under very extraordinary circumstances. No precise rule can be laid down as to the cases in which an injunction will be granted against a stranger to prevent the commission of a trespass, but it is always expected that a strong case of destruction or irreparable mischief will be made out, which may be effected before trial as to the controverted right. Hanson v. Gardiner, 8 Ves. 308; Cooper v. Hamilton, 8 Blackf. 377.

But an injunction will never be granted in order to prevent the repetition of a trespass, when the plaintiff has an adequate remedy at law. High on Injunctions, Sec. 459; Stevens v. Beekman, 1 Johns. 418.

A court of equity will not interfere to restrain a trespasser simply because he is a trespasser, but only because the injury threatened is ruinous to property in the manner in which it is being enjoyed, and will permanently impair its future enjoyment. High on Injunctions, Sec. 460; Eckelkamp v. Schrader, 45 Mo. 505; Mayor v. Groshon, 30 Md. 436.

The rule appears to be well settled that it is only where the trespass is of an aggravated character—where the mischief is to the substance of the estate and irreparable—that an injunction will be granted. Jerome v. Ross, 7 Johns. 315.

*Per Curiam.* The bill in this case sought to enjoin defendant from further trespassing upon the land of complainant. It averred that defendant, falsely claiming the land

and the right to cultivate the same, had on several occasions invaded the premises and was then daily intruding thereon, and had that morning entered with a team and plow and pretended to begin plowing, and proposed to continue the same from day to day. It was averred that this was the only plow land of complainant; that it was indispensable to him, and that because of his advanced age and poor health he could not go elsewhere to cultivate the soil ; that the defendant was insolvent, and that by reason of the facts stated the injury would be irreparable. The Circuit Court, on motion of defendant, dissolved the injunction and dismissed the bill for the want of equity. It is urged that in this ruling error was committed.

Construing the allegations of the bill in accordance with well settled rules, the case is, that defendant, asserting a claim to the land the nature of which is not stated, but which is averred to be without foundation in right, has invaded the possession of the complainant, and is in occupancy of the land so far as it is capable of being occupied.

For such a grievance there is a clear and ample remedy at law by action for forcible entry and detainer. In that proceeding the right of possession can be speedily ascertained, questions of fact can be tried by jury and the complainant can be fully protected. It is not to be presumed the defendant would continue to assert his false claim, whatever it is, and trespass upon the premises after such an adjudication as would be thus afforded. We do not understand that, under the circumstances disclosed by the bill, equity would interfere by injunction. Wangelin v. Goe, 50 Ill. 459 ; High on Injunctions, 2d Ed., Secs. 699–701. The decree will be affirmed.

*Decree affirmed.*